UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHADY HILLS ENERGY CENTER, LLC**,

    Plaintiff and Counter-Defendant,

  v.

**SEMINOLE ELECTRIC COOPERATIVE, INC.**,

    Defendant, Counter-Plaintiff, and Third-Party Plaintiff,

Case No. 8:20-cv-81-WFJ-JSS

  v.

**EFS SHADY HILLS EXPANSION HOLDINGS, LLC; EFS SHADY HILLS, LLC; GENERAL ELECTRIC CREDIT CORPORATION OF TENNESSEE, INC.; GE CAPITAL US HOLDINGS, INC.; and GE CAPITAL GLOBAL HOLDINGS, LLC**,

    Third-Party Defendants.
_____/

## ORDER

Before the Court is Defendant's motion to exclude the opinions and testimony of Plaintiff's expert Frank Graves (Dkt.168). Plaintiff has filed a response in opposition (Dkt. 205), and Defendant has replied (Dkt. 206). The Court grants in part and denies in part Defendant's motion.

**LEGAL STANDARD**

"*Daubert* requires that trial courts act as 'gatekeepers' to ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). In carrying out this role pursuant to Federal Rule of Evidence 702, trial courts consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citations omitted). Still, "[t]he inquiry envisioned by Rule 702 is . . . a flexible one," *Daubert*, 509 U.S. at 595, and courts should not elevate themselves "to the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witness's soul—separating the saved from the damned." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1321 (11th Cir. 1999) (citations and internal quotations omitted). For, "[s]uch an inquiry would inexorably lead to evaluating witness credibility and weight of the evidence, the ageless role of the jury." *Id.*

## DISCUSSION

Defendant argues that Mr. Graves' expert opinions regarding Plaintiff's "termination damages," "economic loss" damages, and "costs incurred" damages should be excluded. Dkt. 168 at 16, 22–23. Because the Court has already ruled

that Plaintiff is not entitled to termination or costs incurred damages (Dkt. 267), any testimony concerning these damage categories is irrelevant and therefore inadmissible. *Allison*, 184 F.3d at 1312–13 ("[t]he judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value.").

The Court has also ruled that Plaintiff is entitled, with limitations, to economic loss damages in the form of direct lost profits (Dkt. 267). As a result, Defendant's sole argument to exclude Mr. Graves' economic loss testimony is moot.[1] Further, because the Court also finds that Mr. Graves is a qualified expert who utilized reliable methodology to produce direct lost profit calculations which will assist the jury, his testimony is admissible as it relates to Plaintiff's limited recoverable economic losses. *See Frazier*, 387 F.3d at 1260.

According, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant's motion to exclude the opinions and testimony of Plaintiff's expert Frank Graves (Dkt. 168) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff may not present Mr. Graves' testimony on termination damages, costs incurred damages, or unrecoverable economic loss damages.

---

[1] Defendant generally argues that "Mr. Graves' opinions regarding [Plaintiff's] 'economic loss' are barred by the [Tolling Agreement] and thus inadmissible." Dkt. 168 at 22. The Court has ruled otherwise. Dkt. 267 at 40–47.

**DONE AND ORDERED** at Tampa, Florida, on October 3, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record