# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHADY HILLS ENERGY CENTER, LLC**,

    Plaintiff and Counter-Defendant,

v.

**SEMINOLE ELECTRIC COOPERATIVE, INC.**,

    Defendant, Counter-Plaintiff, and Third-Party Plaintiff,

Case No. 8:20-cv-81-WFJ-JSS

v.

**EFS SHADY HILLS EXPANSION HOLDINGS, LLC; EFS SHADY HILLS, LLC; GENERAL ELECTRIC CREDIT CORPORATION OF TENNESSEE, INC.; GE CAPITAL US HOLDINGS, INC.; and GE CAPITAL GLOBAL HOLDINGS, LLC**,

    Third-Party Defendants.

_____/

## ORDER

Before the Court is the Shady Hills Parties'[1] Motion in Limine to exclude evidence regarding a potential sale or divestiture of Shady Hills Energy Center, LLC ("Shady Hills") (Dkt. 256/S-287). Seminole Electric Cooperative, Inc. ("Seminole")

---

[1] The Shady Hills Parties include the following: Shady Hills Energy Center, LLC; EFS Shady Hills Expansion Holdings, LLC; EFS Shady Hills, LLC; GE Capital Global Holdings, LLC; GE Capital US Holdings, Inc.; and General Electric Corporation of Tennessee, Inc.

has responded in opposition (Dkt. 274), and the Shady Hills Parties have replied (Dkt. 281). Upon careful consideration, the Court denies the Shady Hills Parties' Motion.

## LEGAL STANDARD

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Given these motions are generally disfavored, "[e]vidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). Rulings on motions in limine are subject to change as the case unfolds. *Luce*, 469 U.S. at 41.

## DISCUSSION

The Shady Hills Parties argue that "[e]vidence concerning a potential sale or divesture of Shady Hills is not relevant since it has no tendency to make a fact of consequence more or less probable." Dkt. S-287 at 7. The Court disagrees at this juncture.

A potential sale or divestiture of Shady Hills may tend to show that Shady Hills had an incentive to pare back Seminole's contractual purchase option rights through its proposed financing in order to secure a favorable future sale. This contested fact may be consequential because Seminole maintains that: (1) Shady

2

Hills' proposed financing was contrary to Seminole's interests as established by the Tolling Agreement and attached Purchase and Sale Agreement; (2) Seminole acted reasonably in declining to accept Shady Hills' proposed financing; and (3) Shady Hills breached the implied covenant of good faith and fair dealing by seeking to "impair the value of [Seminole's purchase option] by refusing to move forward with the project unless Seminole agreed to [the proposed financing], which would have eliminated Seminole's right to purchase Shady Hills' equity free and clear of encumbrances." Dkt. 84 at 37, 57–58. The challenged evidence may therefore be relevant to Seminole's counterclaims and defenses. *See* Fed. R. Evid. 401(a)–(b) ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence.").

The probative value of this evidence, as stated by Seminole at this juncture, is not substantially outweighed by the risk of undue prejudice such that it should be excluded under Rule 403. The instant case presents a contract dispute between two highly sophisticated parties that were involved in an energy-based business deal that the average juror would find completely foreign. Evidence of a possible sale or divestiture of Shady Hills may provide context concerning the relationship between project financing and the subject deal's other facets. More importantly, it may provide the triers of fact with insight into the parties' underlying motivations. This probative value may outweigh any risk of undue prejudice, and its consideration will

3

not be a waste of time. To bar this evidence *in limine* would be improvident. *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010) (finding that Rule 403 "is an extraordinary remedy which [district courts] should invoke sparingly, and the balance should be struck in favor of admissibility").

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: The Shady Hills Parties' Motion in Limine (Dkt. 256/S-287) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on February 1, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record