# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHADY HILLS ENERGY CENTER, LLC**,

    Plaintiff and Counter-Defendant,

  v.

**SEMINOLE ELECTRIC COOPERATIVE, INC.**,

    Defendant, Counter-Plaintiff, and Third-Party Plaintiff,

Case No. 8:20-cv-81-WFJ-JSS

  v.

**EFS SHADY HILLS EXPANSION HOLDINGS, LLC; EFS SHADY HILLS, LLC; GENERAL ELECTRIC CREDIT CORPORATION OF TENNESSEE, INC.; GE CAPITAL US HOLDINGS, INC.; and GE CAPITAL GLOBAL HOLDINGS, LLC**,

    Third-Party Defendants.

_____/

## ORDER

Before the Court is the Shady Hills Parties'[1] Motion in Limine to exclude testimony using the term "shell company" or similar phraseology to describe Shady Hills Energy Center, LLC ("Shady Hills") (Dkt. 255/S-286). Seminole Electric

---

[1] The Shady Hills Parties include: Shady Hills Energy Center, LLC; EFS Shady Hills Expansion Holdings, LLC; EFS Shady Hills, LLC; GE Capital Global Holdings, LLC; GE Capital US Holdings, Inc.; and General Electric Corporation of Tennessee, Inc.

Cooperative, Inc. ("Seminole") has responded in opposition (Dkt. 271) and the Shady Hills Parties have replied (Dkt. 281). Upon careful consideration, the Court grants the Shady Hills Parties' Motion.

## LEGAL STANDARD

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Given these motions are generally disfavored, "[e]vidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). Rulings on motions in limine are subject to change as the case unfolds. *Luce*, 469 U.S. at 41.

## DISCUSSION

The Shady Hills Parties argue that "Seminole should be prevented from referring to Shady Hills as a 'shell company,' or any similar phrase, because the risk of prejudice to Shady Hills is great, and there is no corresponding probative value associated with describing Shady Hills in this way." Dkt. S-286 at 2. The Court agrees at this juncture.

Federal Rule of Evidence 403 provides that a "court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Use of the term "shell company" (or a similar phrase) presents a substantial risk of unfair prejudice and misleading the jury due to the negative connotations it carries. Indeed, the term "shell company" is pejorative—it suggests something nefarious or otherwise illegitimate. As Shady Hills notes, however, there is no evidence "that Shady Hills is anything but a properly formed special purpose vehicle, which is a structure commonly used to develop project financed infrastructure like the Facility at issue in this litigation." Dkt. S-286 at 2; *see also* Dkt. S-198-34 at 7 (Seminole's expert stating that "I mean, to me, the – the closest kind of defining characteristics of, you know, what counts as a project finance project are a financing on a non-recourse basis, typically through a project SPV, special-purpose vehicle, project company."). Referring to Shady Hills as a "shell company" is therefore misleading and unfairly prejudicial in this context.

At the same time, the term "shell company" (or a similar phrase) offers minimal probative value. Unlike the shell entities in *SEC v. Spartan Securities Group, Ltd*, No. 8:19-CV-448-VMC-CPT, 2021 WL 2144841 at *6–7 (M.D. Fla. May 26, 2021)—the case upon which Seminole primarily relies in opposing the Shady Hills Parties' Motion—Shady Hills was not created to facilitate a pump-and-dump scheme that is at the heart of the parties' dispute. It was specifically created (with Seminole's knowledge and the backing of the other Shady Hills Parties) to facilitate the Tolling Agreement. Excluding the term "shell company" (and similar

phrases) will in no way preclude Seminole from arguing its theory of the case or its damages theories. Seminole may introduce relevant facts concerning Shady Hills' capitalization and business operations without resort to that term (or similar ones).

Given (1) the substantial risk of undue prejudice and jury confusion, and (2) the minimal probative value offered by the term "shell company," the balance weighs in favor of excluding the term "shell company" (and similar phrases).

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: The Shady Hills Parties' Motion in Limine (Dkt. 255/S-286) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, on February 3, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record