# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHADY HILLS ENERGY CENTER, LLC**,

    Plaintiff and Counter-Defendant,

  v.

**SEMINOLE ELECTRIC COOPERATIVE, INC.**,

    Defendant, Counter-Plaintiff, and Third-Party Plaintiff,

  v.

**EFS SHADY HILLS EXPANSION HOLDINGS, LLC; EFS SHADY HILLS, LLC; GENERAL ELECTRIC CREDIT CORPORATION OF TENNESSEE, INC.; GE CAPITAL US HOLDINGS, INC.; and GE CAPITAL GLOBAL HOLDINGS, LLC**,

    Third-Party Defendants.
_____/

Case No. 8:20-cv-81-WFJ-JSS

# **ORDER**

Before the Court is Seminole Electric Cooperative, Inc.'s ("Seminole") Omnibus Motion in Limine (Dkt. 258). The Shady Hills Parties[1] have responded in

---

[1] The Shady Hills Parties include: Shady Hills Energy Center, LLC; EFS Shady Hills Expansion Holdings, LLC; EFS Shady Hills, LLC; GE Capital Global Holdings, LLC; GE Capital US Holdings, Inc.; and General Electric Corporation of Tennessee, Inc.

opposition (Dkt. 270) and Seminole has replied (Dkt. 282). Upon careful consideration, the Court denies Seminole's Motion.

## LEGAL STANDARD

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Given these motions are generally disfavored, "[e]vidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). Rulings on motions in limine are subject to change as the case unfolds. *Luce*, 469 U.S. at 41.

## DISCUSSION

Seminole moves to preclude Shady Hills Energy Center, LLC ("Shady Hills") from presenting two types of evidence at trial: (1) extrinsic evidence surrounding the Tolling Agreement, and (2) evidence covering settlement negotiations from the period between the Notice of Dispute and Shady Hills' Complaint. Dkt. 258 at 4, 6. Seminole argues that the former is barred by the Tolling Agreement's Merger Clause while the later is barred by Federal Rule of Evidence 408. The Court disagrees.

A merger clause does not bar consideration of extrinsic evidence where a contract is ambiguous and the extrinsic evidence is introduced to probe intent rather than vary contractual terms. *See LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d

1511, 1517 (11th Cir. 1997) (finding that "extrinsic evidence may be used as an aid in interpreting contract provisions only when the language contained therein is ambiguous"); *see also Billington v. Ginn-La Pine Island, Ltd., LLLP,* 192 So. 3d 77, 83 (Fla. 5th DCA 2016) (restating the principle that "merger or integration clauses are intended to prevent a party from introducing parol evidence to vary the terms of a written contract"). The Court has already found that some ambiguity exists in portions of the Tolling Agreement and that extrinsic evidence bearing on the parties' intent as to those portions may be required to resolve it. Dkt. 267 at 12–14. This issue awaits trial.

    The second set of exhibits Seminole moves to exclude *in limine* is possibly admissible as well (so long as the evidence therein is used appropriately). Federal Rule of Evidence 408(a) provides that evidence from settlement negotiations cannot be used "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" Shady Hills claims that it "seeks to use only non-settlement-related portions" of the parties' communications in order to (1) bolster its implied covenant of good faith and fair dealing counterclaim, and (2) establish Seminole's knowledge of certain pertinent facts unrelated to any settlement. Dkt. 270 at 5–8. Such uses are not prohibited by Rule 408. *See McClandon v. Heathrow Land Co. P'ship,* No. 6:08-CV-35-ORL-28GJK, 2010 WL 336345, at *3 (M.D. Fla. Jan. 22, 2010) (reiterating that "Rule 408

excludes evidence of settlement offers only if such evidence is offered to prove liability for or invalidity [or amount] *of the claim under negotiation*"). Moreover, the parties have expressed a willingness to work together to properly limit the subject exhibits and their use. Dkt. 282 at 3 (Seminole stating that it "will work with Shady Hills to redact any settlement related discussions for these and any other exhibits on a document-by-document basis and will present any disputes to the Court"). Given this, the Court will not categorically exclude these exhibits *in limine*, and the parties are expected to work this out.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: Seminole's Omnibus Motion in Limine (Dkt. 258) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on February 14, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record